**FILED**

**JUN - 3 2005**

# In the United States Court of Federal Claims

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

No. 04-1525 C

(Filed May 6, 2005)

**UNPUBLISHED**

**FILED**

MAY - 6 2005

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * *   *
WILLIAM AVERY,                *    Pro se; Motion to Dismiss; RCFC
                             *    12(b)(1); Lack of Jurisdiction;
         Plaintiff,          *    Federal Tort Claims Act, 28
                             *    U.S.C. §§ 1346(b), 2671-2680
    v.                       *    (2000); Fair Credit Reporting Act
                             *    (FCRA), 15 U.S.C. § 1681 et seq.
THE UNITED STATES,           *    (2000); Gramm-Leach-Bliley Act
                             *    (GLBA), 15 U.S.C. §§ 6801-10
         Defendant.          *    (2000)
                             *
* * * * * * * * * * * * * *   *
```

*William Avery*, pro se.

*Dawn S. Conrad*, United States Department of Justice, Washington, D.C., with whom were *Kathryn A. Bleecker*, Assistant Director, *David M. Cohen*, Director, *Peter D. Keisler*, Assistant Attorney General, for defendant.

---

**OPINION**

---

CASE NUMBER    1:05CV01108

JUDGE: Gladys Kessler

DECK TYPE: Pro se General Civil

DATE STAMP: 06/03/2005

**BUSH**, *Judge*

This case is before the court on defendant's motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant contends that the relief sought by plaintiff is not within the jurisdiction conferred on this court by the Tucker Act, 28 U.S.C. § 1491 (2000). For the reasons stated herein, defendant's motion to dismiss is denied, as moot, and plaintiff's complaint is transferred to the United States District Court for the District of Columbia.

# 1
USDC

# BACKGROUND[1]

On September 21, 2000, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (2000), Dr. William Avery, *pro se* plaintiff, filed an administrative tort claim with the Department of Health & Human Services (DHHS) alleging that the negligent reporting of delinquent loans in Dr. Avery's name to credit agencies by DHHS employees damaged Dr. Avery's credit and caused him to suffer economic loss. Compl. Ex. D.

On July 2, 2004, pursuant to 28 U.S.C. § 2401(b) (2000), DHHS notified plaintiff in writing of the final ruling on plaintiff's administrative tort claim in which the agency denied Dr. Avery's claim. Additionally, DHHS's letter notified plaintiff that if he was not satisfied with the administrative decision, he had one of two choices available to seek a review of the DHHS agency ruling. They were:

> 1. file a written request with the agency for reconsideration of this final determination denying the claim within six months from the date of mailing of this determination (28 C.F.R. § 14.9); or

> 2. file suit against the United States in the appropriate federal *district* court within six months of the mailing of this determination. (28 U.S.C. § 2401(b)).

Compl. Ex. D (emphasis added). Title 28 U.S.C. § 2401(b) states:

> (b)   A *tort claim* against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of the mailing, by certified or registered mail, of notice of final

---

[1] The recitation of facts in this section does not constitute findings by the court. All of the stated facts are either undisputed or alleged and assumed to be true for the purposes of the pending motion.

> denial of the claim by the agency to which it was
> presented.

*Id.* (emphasis added). On October 6, 2004, plaintiff invoked his right to file suit
against the United States. However, plaintiff filed in the Court of Federal Claims
which is *not* a federal *district* court. Dr. Avery's complaint alleges that
Department of Education (DOE) and DHHS employees committed negligent
actions while "engag[ing], report[ing] and refus[ing] to correct the excessive and
incorrect student loan balances of Dr. William Avery, which were subsequently
distributed to credit reporting agencies which clearly damaged the credit
worthiness of the plaintiff who has suffered economic loss since 1988 when he
graduated from dental school."[2] Compl. at 2. Plaintiff is seeking $122,000,000 in
compensatory and punitive damages. Dr. Avery asserts that this court has
jurisdiction over his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C.
§ 2401(b), and the Gramm-Leach-Bliley Act (GLBA) financial disclosure
provisions, codified at 15 U.S.C. §§ 6801-10 (2000).

On December 1, 2004, defendant filed a motion to dismiss for lack of
subject matter jurisdiction, pursuant to RCFC 12(b)(1). Defendant argues that
plaintiff's claims are tortious in nature, pursuant to the FTCA, 28 U.S.C.
§ 2675(a), and that it is well established that this court lacks jurisdiction over any
kind of tort claim. In *Brown v. United States*, the United States Court of Appeals
for the Federal Circuit (Federal Circuit) explains that "[t]he Court of Federal
Claims . . . lacks jurisdiction over tort actions against the United States." 105 F.3d
621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a) and *Keene Corp. v. United
States*, 508 U.S. 200, 214 (1993)). The court "may not entertain claims outside
this specific jurisdictional authority." *Adams v. United States*, 20 Cl. Ct. 132, 135
(1990). "If there is no jurisdiction, this court must dismiss the action." *Taylor v.
United States*, 49 Fed. Cl. 598, 601 (2001). As to plaintiff's claim under the
GLBA, defendant states that it too is ill-founded since the GLBA imposes no
private right of action. *See* Pub. L. No. 106-102, 113 Stat. 1338 (1999).
Defendant then turns to Subtitle A of the GLBA, which governs the disclosure of
non-public personal information. The GLBA is enforced by the Federal Trade
Commission and other federal and state agencies. *See* 15 U.S.C. §§ 6801-10.
Consequently, defendant contends this court lacks jurisdiction to entertain

---

[2]/ The court makes no finding as to whether these claims are meritorious.

plaintiff's claims brought pursuant to any provisions of the GLBA.

On January 4, 2005, plaintiff filed its response to defendant's motion to dismiss. Plaintiff's response reinforces his argument that he should be awarded damages in this court under the FTCA, and attempts to add a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1682 *et seq* (2000). Additionally, plaintiff states that "if it should please the Court, and at the Court's discretion, Dr. Avery will relinquish any claim or attachment to the yet untried Gramm-Bliley Act and proceed by using statutes of the FCRA." Pl.'s Resp. at 12. On January 5, 2005, defendant filed its reply brief reiterating that this court's lack of subject matter jurisdiction warrants dismissal of the complaint.

On January 25, 2005, the Clerk's office received from plaintiff a document entitled "Plaintiff's Response to Defendant's Argument to Dismiss." The Clerk's office stated that the submission was defective because there is no provision in the rules for the filing of a second response. Pursuant to RCFC 7.2(c), responses to motions under RCFC 12(b), 12(c), 56 and 56.1 shall be filed within twenty-eight days after service of the motion and replies thereto within fourteen days of the service of the response. As previously stated above, plaintiff filed its response to the subject motion on January 4, 2005 and defendant filed its reply on January 5, 2005. Inasmuch as the court's rules do not allow plaintiff to file two responses, when the matter was referred to the undersigned for a ruling, the court returned "Plaintiff's Response to Defendant's Argument to Dismiss," to plaintiff, unfiled.

## DISCUSSION

### I.    Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491. The Tucker Act does not create a substantive right to recover money damages in this court; rather, it allows recovery for claims founded on the Constitution, an act of Congress, regulation promulgated by an executive department, or any express or implied contract with the United States. *Id.* § 1491(a)(1); *Ky. Bridge & Dam, Inc. v. United States*, 42 Fed. Cl. 501, 516 (1998) (citing *United States v. Mitchell*, 445 U.S. 535, 538, *reh'g denied*, 446 U.S. 992 (1980); *United States v. Testan*, 424 U.S. 392, 398-99 (1976); *United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983) (*en banc*)). A statute, regulation, or constitutional provision provides a

substantive right only if it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967); *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision is found to be "money-mandating," the party need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *See Huston v. United States,* 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)).

## II.    Standard of Review - Motion to Dismiss for Lack of Subject Matter Jurisdiction, RCFC 12(b)(1)

Jurisdiction may be challenged by the parties or by the court on its own motion at any time, and if jurisdiction is found lacking, this court must dismiss the action. RCFC 12(h)(3). The court's determination of jurisdiction starts with the complaint, "which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). However, pleadings drafted by *pro se* plaintiffs are held to a less stringent standard than pleadings drafted by attorneys. *Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002).

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted). Nonetheless, the non-movant bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Cubic Def. Sys., Inc. v. United States*, 45 Fed. Cl. 239, 245 (1999) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Reynolds*, 846 F.2d at 748; *Maniere v. United States*, 31 Fed. Cl. 410, 413 (1994)).

The court is mindful that plaintiff is a *pro se* litigant, entitling him to certain leniencies afforded to all parties proceeding as *pro se*. This is particularly so on motions to dismiss, for "[i]t is settled law that the allegations of [a pro se] complaint, however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Vaizburd v. United States*, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (noting that pleadings drafted by *pro se* parties "should accordingly not be held to the same standard as parties represented by counsel"). Courts have "strained our proper role in adversary proceedings to the limit, searching [the records] to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). However, while "[t]he fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, . . . it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (1995). The leniency afforded *pro se* litigants with respect to mere formalities therefore does not relieve them of jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

## III. The Court of Federal Claims Does Not Possess Jurisdiction to Adjudicate Plaintiff's Claims

### A. Plaintiff's Claims for Violation of the Federal Tort Claims Act

Dr. Avery's allegations of negligent actions which caused emotional distress and mental anguish are tortious in nature. This court does not have jurisdiction over tort claims, including tort claims brought pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1491; *Western Pine Indus., Inc. v. United States*, 231 Ct. Cl. 885, 886 (1982); *Blazavich v. United States*, 29 Fed. Cl. 371, 374 (1993). Jurisdiction to hear tort claims is exclusively granted to the United States district courts under the FTCA. *McCauley v. United States*, 38 Fed. Cl. 250, 264 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (table); *see also* 28 U.S.C. § 1346(b) (2000); *Wood v. United States*, 961 F.2d 195, 197 (Fed. Cir. 1998) ("[D]istrict courts have . . . exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act, [28 U.S.C.] § 1346(b)."); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992) ("The district courts have exclusive jurisdiction in [FTCA] actions."), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993) (table). Any claim the plaintiff might assert for tort relief, therefore cannot be entertained in this court.

Dr. Avery's allegations of "personal humiliation and impairment of reputation and standing in the community" equate to the tort of defamation and it is well-settled that this court does not have jurisdiction over any claims which lie in tort. 28 U.S.C. § 1491(a)(1); *see also Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (stating that "[t]he Court of Federal Claims lacks jurisdiction over any and every kind of tort claim"); *McCauley*, 38 Fed. Cl. at 265 (no jurisdiction over claims for negligent, fraudulent or other wrongful conduct) (citations omitted); *Malnak v. United States*, 223 Ct. Cl. 783, 784-85 (1980) (holding that, with respect to a claim for injury to business reputation and the hindering of gainful employment, an allegation of "blackballing" sounds in tort and is outside the jurisdiction of this court); *see generally Bohac v. Dept. of Agriculture*, 239 F.3d 1334, 1340 (Fed. Cir. 2001) (no jurisdiction for mental distress or emotional trauma) (citations omitted); *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979) (no jurisdiction for defamation, intentional infliction of emotional distress, tortious interference with business relationships, or conspiracy since each of these claims sound in tort) (citations omitted). Even where a plaintiff characterizes a claim in terms that fall outside of the strict confines of tort law, the claim should be dismissed if it is, at its essence, a tort-based claim. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Plaintiff's claims of defamation of character must be dismissed for lack of subject matter jurisdiction.

With respect to Dr. Avery's claim for punitive damages, it is clearly established that this court does not have jurisdiction over punitive damages claims. *See, e.g., Greene v. United States*, 2005 WL 1023514, at *3 (Fed. Cl. Apr. 29, 2005) ("It is well-established that this Court lacks authority to grant punitive damages."); *Fields v. United States*, 53 Fed. Cl. 412, 420 (2002) (holding that "this court does not possess jurisdiction to entertain a claim against the United States for punitive damages" (citing *Christos v. United States*, 48 Fed. Cl. 469, 478 n.22 (2000) (citations omitted) (stating that punitive damages would clearly have to be denied because this court lacks jurisdiction to grant punitive damages)); *Garner v. United States*, 230 Ct. Cl. 941, 943 (1982)). Furthermore, the United States has not waived sovereign immunity with regard to punitive damages. 28 U.S.C. § 2674 (2000). Accordingly, plaintiff's claims for punitive damages must be dismissed for lack of subject matter jurisdiction.

Dr. Avery's allegations of monetary losses due to defendant's negligent actions while "engag[ing], report[ing] and refus[ing] to correct the excessive and

7

incorrect student loan balances" also sound in tort. As expressed repeatedly throughout this opinion, the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . *not sounding in tort.*" *Id.* § 1491(a)(1) (emphasis added). "The case law makes clear that when no contractual duty exists, the negligent or careless performance of a duty by the government sounds in tort and fall[s] outside this court's jurisdiction." *Lions Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 434 (2002) (citing *e.g.*, *H.F. Allen Orchards v. United States*, 749 F.2d 1571, 1576 (Fed. Cir. 1984) (in the absence of a contractual duty, negligent governmental performance of a duty may support a tort claim)); *Krigel v. United States*, 662 F.2d 741, 746-47 (Ct. Cl. 1981) ("A claim based on the careless performance of duty by a government employee sounds in tort and is beyond the jurisdiction of this court."). Thus, "claims for *monetary damages*, if they could be construed to arise from alleged negligent and wrongful conduct of the defendant in the course of discharging official duties, would be claims clearly sounding in tort." *Sunrise Village Mobile Home Park, L.C. v. United States*, 42 Fed. Cl. 392, 404 (1998) (citing *Smithson v. United States*, 847 F.2d 791, 794 (Fed. Cir. 1998); *Berdick*, 612 F.2d at 536 (1979); *Curry v. United States*, 609 F.2d 980, 982-83 (Ct. Cl. 1979); *Blazavich*, 29 Fed. Cl. at 374).

Dr. Avery's claim that the government employees' lack of assistance in correcting his allegedly erroneous student loan balances does not vest subject matter jurisdiction in this forum. This court has held that "a lack of assistance by government officials administering the military pensions of veterans[,] . . . while possibly a valid basis for relief elsewhere, does not invoke the jurisdiction of this Court." *Holt v. United States*, 64 Fed. Cl. 215, 222-23 (2005). In *Holt*, plaintiff sought assistance from the Defense Finance and Accounting Service (DFAS) to receive survivor benefit plan payments after her former husband's death. Holt alleged that DFAS employees failed to render effective assistance in administering military pensions of veterans, citing this court's jurisdiction under the FTCA. However, the court, citing to binding precedent from the Federal Circuit, held that the Court of Federal Claims lacked jurisdiction over Mrs. Holt's claim. *See New Am. Shipbuilders, Inc. v. United States*, 871 F.2d 1077, 1079 (Fed.Cir. 1989); *see* 28 U.S.C. § 1491 (pursuant to the Tucker Act, the Court of Federal Claims possesses jurisdiction over claims for monetary damages but not those sounding in tort such as a negligence claim under the FTCA). The proper forum for violations of the FTCA is district court and not the Court of Federal Claims.

8

### B.    Plaintiff's Claims for Violation of the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act

Dr. Avery alleges in his complaint that DOE and DHHS violated the GLBA. Under this legislation, financial institutions have an affirmative and continuing obligation to respect the privacy of their customers and to protect the security and confidentiality of their customers' nonpublic personal information. *See* 15 U.S.C. § 6801(a). The government responds that even assuming the veracity of Dr. Avery's contentions, the GLBA does not allow for a private right of action. In his response, Dr. Avery does not dispute this contention. In fact, plaintiff's reply brief relinquishes any claims previously sought under the GLBA and raises a new claim under the FCRA.[3]

In addition to the fact that plaintiff has, in effect, abandoned his GLBA claim, the court notes that defendant's assertion that the GLBA does not allow for a private right of action is supported by case law. *See Lacerte Software Corp. v. Prof'l Tax Servs., L.L.C.*, No. Civ.A. 3:03-CV-1551-H, 2004 WL 180321, at *2 (N.D. Tex. Jan. 6, 2004) (holding that the GLBA does not provide for a private right of action); *Menton v. Experian Corp.*, No. 02 Civ. 4687(NRB), 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003); *see also* 15 U.S.C. § 6805 ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction. . . ."). Finally the court observes that the Federal Credit Reporting Act is enforced by the Federal Trade Commission, 15 U.S.C. § 1681(s), and appeals therefrom to the appropriate district court. 28 U.S.C. §§ 1331, 1367(a). This court is not the proper forum for plaintiff's allegations of violations of the GLBA, nor the FCRA. Therefore, it must dismiss these claims for lack of subject matter jurisdiction.

---

[3] The FCRA imposes on consumer reporting agencies the duty of following reasonable procedures to assure the accuracy of consumer reports.

## IV. Transfer of Complaint to District Court

Although plaintiff has not presented a motion to this court requesting that his case be transferred to the appropriate district court in the event that his claims were to be jurisdictionally barred from consideration by the Court of Federal Claims, this court has nevertheless decided to raise the issue *sua sponte*. As previously stated, this court has determined that, in its opinion, to the extent that Mr. Avery may have articulated any justiciable claims against the federal government at all, those claims would likely sound in tort. Indeed, plaintiff, himself, has cited to the FTCA has the primary source of jurisdiction for his claims. Even though the government contends that a portion of plaintiff's case cannot be brought before *any* federal court (*i.e.*, Dr. Avery's defamation claim), defendant makes no such assertion with respect to *all* of Dr. Avery's claims.

Section 1631 of title 28 of the United States Code provides as follows:

> § 1631. Transfer to cure want of jurisdiction
> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Dr. Avery appealed the adverse decision rendered by DHHS with respect to his administrative tort claim to the Court of Federal Claims within the statutorily prescribed six-month deadline. However, Dr. Avery neglected to file a protective complaint with the district court in the event that this court were to determine that it lacked jurisdiction over the subject claims. Under these circumstances, in order

to avoid preclusion by the applicable statute of limitations of a district court's consideration of plaintiff's claims, this court would have to transfer plaintiff's complaint to the appropriate district court pursuant to the provisions of 28 U.S.C. § 1631.

Whether a case should be transferred to a district court from this court is a discretionary matter based upon each case's "peculiar facts and circumstances." *Bienville v. United States*, 14 Cl. Ct. 440, 445 (1988); *see also Warr v. United States,* 46 Fed. Cl. 343, 352 (2000). Here, because portions of Dr. Avery's claims may sound in tort, the court is unable to rule out the possibility of relief in district court under the FTCA. For example, Dr. Avery claims economic loss due to defendant's allegedly persistent and erroneous reporting of his credit information. Because the possibility exists that plaintiff's complaint may reasonably be construed as stating a cause of action against the United States under the FTCA, this court believes that Dr. Avery should be entitled to bring his action before the district court.

In view of the foregoing, the court will exercise its discretion to transfer this matter to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

(1)   Defendant's Motion to Dismiss, filed December 1, 2004, is **DENIED**, as moot; and

(2)   The Clerk's office is directed to **TRANSFER** the subject matter to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631.

A TRUE COPY
TEST:  MAY 2 4 2005

BRIAN BISHOP
Clerk, U.S. Court of Federal Claims

By
Deputy Clerk

LYNN J. BUSH
*Judge*

11