```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

DR. WILLIAM AVERY,              )
                                )
           Plaintiff,           )
                                )
     v.                         )  Civil Action No. 05-01108 GK
                                )
UNITED STATES OF AMERICA,       )
                                )
           Defendant.           )
```

## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(C), defendant moves for judgment on the pleadings. A memorandum of points and authorities and a proposed order granting the relief sought are attached hereto.

                                 Respectfully submitted,

                                 KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
      /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201

```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

DR. WILLIAM AVERY,            )
                              )
         Plaintiff,           )
                              )
    v.                        )  Civil Action No. 05-01108 GK
                              )
UNITED STATES OF AMERICA,     )
                              )
         Defendant.           )
```

### MEMORANDUM IN SUPPORT OF THE MOTION
### FOR JUDGMENT ON THE PLEADINGS

This is an action against the United States for allegedly reporting inaccurate information as to plaintiff's student-loan debt to the credit reporting agencies. The case was originally filed in the Court of Federal Claims, which transferred the case to this Court.[1] Plaintiff claims that the reporting of inaccurate information has adversely impacted his practice as a dentist. The complaint alleges two causes of action: defamation and negligence. As we explain below, there is no waiver of sovereign immunity that would permit this action to proceed against the United States as to the defamation claim. Similarly,

---

1. Plaintiff asserts that undersigned counsel (Fred E. Haynes) advised him to file his negligence action in the Court of Federal Claims. This is incorrect. Undersigned counsel did speak to plaintiff (and when he was represented by counsel, to his counsel) concerning the garnishment of his bank account under the judgment against him in United States v. Avery, 97cv2050. Undesigned counsel's recollection is that he advised plaintiff that his possible tort claim against the federal government had nothing to do with the government's effort to recover the judgment in the above-cited case, efforts that would continue.

the action cannot proceed against the United States as to the simple negligence claim, in that a private person in the jurisdiction where the alleged tort occurred would not have been liable for such a non-intentional tort. Consequently, the two causes of action alleged in the complaint should be dismissed.

### The Defamation Cause Of Action

The Federal Tort Claims Act provides a waiver of sovereign immunity by the government as to a wide variety of tortious acts. There are, however, certain torts that are exempted from the waiver of sovereign immunity. One of these torts is defamation. 28 U.S.C. § 2680(h) (exception for the torts of libel and slander). See Seigert v. Gilley, 500 U.S. 226, 233 (a suit against the United States can not be brought based on defamation). The defamation cause of action should, therefore, be dismissed.

### The Simple Negligence Cause Of Action

The Federal Tort Claims Act provides:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

Normally, one would need to know the local jurisdiction where an alleged tort took place in order to determine whether a

3

private individual would be liable for that tort, the analysis that must precede the determination of the government's liability for damages caused by tortious conduct.  This analysis does not need to be done here, since there is a federal law that preempts most state tort law in the context of the reporting of information to the credit reporting agencies.  This is the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., which regulates the relationships of entities furnishing information to the credit reporting agencies for further release to their subscribers.  The FCRA does provide a private right of action as to violations of one of its provisions, but since there is no waiver of sovereign immunity in the act, the federal government cannot be sued under that provision.

The FCRA contains two preemption provisions that broadly preempt state common law in the area covered by the statute.  See Gibbs v. SLM Corporation, 336 F.Supp.2d 1, 12 (D. Mass. 2004), which discusses the preemption provisions, 15 U.S.C. §§ 1681t(b)(1)(f) and 1681h(e).  The later provision states that no person can bring an action against a person furnishing information to a credit reporting agency except as to false information furnished with malice or willful intent to injure the consumer. This has been held to permit an action under state common law of negligence where the entity furnishing the information acted with

the requisite malice or willful intent.  See Gordon v. Greenpoint Credit, 266 F.Supp.2d 1007, 1012-13 (S.D. Iowa, 2003).

The FCRA's preemption provision does not permit a simple negligence cause of action under state law to proceed, only conduct rising to the level of an intentional tort is permitted to proceed outside of the FCRA framework.  The problem for plaintiff is that the allegations of the negligence cause of action do not assert the requisite malice or willful intent.  If allegations of malice or willful intent were contained in the negligence cause of action, then it would be properly characterized as a defamation action, an action excepted from the waiver of sovereign immunity in the Federal Tort Claims Act.

## Conclusion

For the reasons set forth above, defendant's motion for judgment on the pleadings should be granted.

                         Respectfully submitted,

                         KENNETH L. WAINSTEIN, D.C. Bar #451058
                         United States Attorney

                         RUDOLPH CONTRERAS, D.C. Bar #434122
                         Assistant United States Attorney
                                 /S/
                         FRED E. HAYNES, D.C. BAR #165654
                         Assistant United States Attorney
                         555 4th Street, N.W., Room E-4110
                         Washington, D.C. 20530
                         (202) 514-7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

DR. WILLIAM AVERY,              )
                                )
            Plaintiff,          )
                                )
        v.                      ) Civil Action No. 05-01108 GK
                                )
UNITED STATES OF AMERICA,       )
                                )
            Defendant.          )

<u>ORDER</u>

Upon consideration of the defendant's motion for judgment on the pleadings and the record in this case, it by the Court this ___ day of _____, 2006,

ORDERED that defendant's motion for judgment on the pleadings is granted, and it is further

ORDERED that this case is dismissed.  This is a final, appealable order.

UNITED STATES DISTRICT JUDGE

Copies to the parties

CERTIFICATE OF SERVICE

I certify that on this 22nd day of May, 2006, a copy of the foregoing motion for judgment on the pleadings was served on plaintiff by first-class mail, postage prepaid, to the following address:

>	Dr. William Avery
>	4244 Benning Road, N.E.
>	Washington, D.C. 20019

>			/s/
>	FRED E. HAYNES, D.C. BAR #165654
>	Assistant United States Attorney
>	555 4th Street, N.W., Room E-4110
>	Washington, D.C. 20530
>	(202) 514-7201