UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| Dr. William Avery, | ) | |
| Plaintiff, | ) | June 12, 2006 |
| | ) | |
| Vs. | ) | Civil Action No: 05-01108 GK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | The Honorable Judge Kessler |
| Defendant | ) | |


## PLAINTIFF'S MOTION TO DENY DEFENDANTS MOTION FOR JUDGMENT

### AND

## MEMORANDUM TO DESCRIBE AND ASSERT VIOLATIONS

Plaintiff is in receipt of Defendants Motion to Dismiss, dated May 22, 2006. Several points and issues as stated by defendants are incorrect and without merit. Plaintiff has been researching (A) credit-reporting, (B) responsibilities implied when credit reporting, (C) expected professional conduct from credit reporters and (D) responsibility for credit errors when they occur. To that end, please see attachment 1, entitled "Credit Mistakes are Actionable". This is a newspaper article obtained as "Special To The National Law Journal", entitled "Credit Reports are Actionable" and provides <u>legal case citation</u> with its first case: James R. Philbin

RECEIVED
JUN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Jr. vs. Trans Union Corp and TRW Credentials, 96-5030 – where Court ruled that, "a reasonable trier of fact could infer that the inaccurate entries were a substantial factor in bringing about Mr. Philbin's injuries."

Same article and second case citation, ninth circuit held Guimond vs. Trans Union Credit Information Company., 45 F.3d 1329 (1995) – court ruled, "credit report errors alone are sufficient to justify an award of damages."

Inaccurate credit reporting is a very serious matter that can have dire consequences for the injured party.

### I. CHARGES ALLEGED BY PLAINTIFF

Charges being alleged by plaintiff are (1) overcharging on a student loan (2) inflating the debt of a student loan (3) NOT HAVING NOR PROVIDING ACCURATE RECORD of student loans and providing inaccurate records to third parties (4) ignoring the customer when trying and for years to correct the incorrect balance (5) credit defamation and reporting the incorrect debt to credit bureaus and for several years (6) obstruction of justice by blocking and obtaining a summary judgment to block/stop disclosure of vital information by the injured party (7) harassing to collect an inflated and wrong sum of money (8) placing insurance sanctions and garnishment on a professional individual having an unblemished professional record (9) attempt to stop the income of and to block dental patients needing dental services provided by a dentist office located in an underrepresented

2

willing to treat this population (10) intentional infliction of emotional and financial distress (11) injuries not properly yet described or uncovered by attorney (12) prosecuting an innocent individual and rush to obtain summary judgment without accurate nor adequate records and even after having the opportunity to obtain said correct records from the plaintiff (13) abuse of summary judgment (14) intentional and undeserved professional and financial/credit sanctions (15) intentional malice (16) fraud.

### A. VIOLATION: FAILURE TO MAINTAIN PROPER ACCOUNT

Defendants attempt to classify this suit as "sounding in defamation... for which the United States has immunity..." Defendant's statement does not apply here and is not valid. Plaintiff again incorporates previously mentioned charges and now asserts other factual violations created by defendant's failure to maintain proper account records.

### B. VIOLATION: FAILURE TO MAINTAIN PROPER ACCOUNT BALANCE

As previously mentioned in point "A", an additional factual violation is now asserted of failure to maintain proper account balance.

### C. VIOLATION: FAILURE TO RECORD CORRECT BALANCE

As previously, mentioned in point "B", an additional violation is factually asserted of failure to record correct balance and the responsibility for neglect that occurred as direct result of such conduct.

### D. VIOLATION: FAILURE TO MAINTAIN & REPORT CORRECT BALANCE to CREDIT BUREAUS and OTHER POTENTIAL LENDERS

As previously mentioned in point "C", an additional violation is factually asserted for defendants reporting grossly inaccurate information to credit bureaus and destroying plaintiff's access to funds, housing and livelihood.

**Livelihood** is to include career advancement, specialty training, employment location and the years of income and opportunities lost by such damage. Dr. Avery was stopped from achieving specialty training. Dr. Avery could not return to any dental school, requiring student loans for advanced training in oral surgery or endodontics (root canal therapy). Those damages will be assessed later.

## II. ARGUMENT FOR PLAINTIFF

By banking rules and laws fashioned by the United States and the FDIC (Federal Deposit and Insurance Corporation), defendants certainly are accountable for numerous accounting, loan and banking violations.

Too immediately, render a viable example:

> If defense attorneys cashed their checks on Friday, their checks were deposited into a bank account of which correct access, correct account balance and correct account deposits, withdrawals and payments are/ were maintained.

> However, on Monday May 22, 2006, same attorneys then file a motion that Avery does not have the same right to accuracy in account balances of monies

4

owed to the United States. Avery is also the plaintiff who cannot access needed monies – because his credit was ruined by false records, fraudulent accounting and inaccurate balances reported and maintained by the United States- specifically the Justice Department and the Department of Education.

**Defendants illustrate a double standard** for themselves and now for Avery – who receives nothing but incorrect loan balances which are/were subsequently reported to credit bureaus as being both incorrectly large and incorrectly "accurate" amounts and being claimed as "reporting correctly..." Defense attorney(s) received their money's and proper reporting of their accounts while Avery received nothing but inaccuracies.

The double standard here is that some individuals received accountability for their moneys and accounts – but Avery cannot. Avery is however **being charged interest** and on an amount that is/was not accurate.

### III. A BANKING LOAN INTENDED FOR EDUCATION PURPOSES – i.e.: STUDENT LOAN

This was a loan, with the promissory note and additional documentation signed at a local bank in Pittsburgh, Pennsylvania and named Equibank. These promissory notes were produced and signed at Equibank and inclusive of the years 1982-1987. Albeit these are student loans – of which there is certainly a loan **account** and having an **account number, verifying its existence, the debt and certainly the loanee**. So please

5

**account** and having an **account number, verifying its existence, the debt and certainly the loanee**. So please do not say that Avery does not have a right to accuracy, i.e. banking account accuracy as afforded, acknowledged and enforced by the FDIC.

## II. PLAINTIFF HAS A BANKING, LOAN AND BUSINESS RELATIONSHIP

This was a banking relationship with a loan created by a U.S. banking institution and backed by the United States government. The name of the exact bank was Equibank, located in the Oakland district of Pittsburgh, Pennsylvania. Therefore, Avery does have the right to accuracy of account and reporting account correctly especially when Avery is being held for repayment of the exact amount of moneys owed to the institutions that backed this loan.

**However it should be noted that Defendants Motion to Dismiss is certainly lacking, or not listing a correct balance as being owed by the plaintiff.**

There is applied accountability, especially if the plaintiff bears the burden of repaying a loan for which the lender cannot or does not know the accurate amount that is due.

For defendants to now attempt to try to create an issue of immunity is to hold Avery to a double standard. To that end, please do not say that Avery does not have a right to accuracy of account and reporting his account and balances correctly and to credit bureaus – as this is/was a banking/ business relationship.

6

### III. TO EXPECT PLAINTIFF TO PAY AN INCORRECT BALANCE OBTAINED THROUGH A SUMMARY JUDGMENT HAVING INACCURATE INFORMATION, WHILE YOU RUIN HIS CREDIT /CREDIBILITY IS LUDICROUS.

Defendants Motion to Dismiss now tries to cite "immunity" from collateral damage and tries to depict the plaintiff's case as "sounding in defamation ...of which there is immunity". The evidence presented clearly illustrates additional, factual and current violations as performed by defendants.

Banking, law, business law and contract law are all involved here and were violated. All of these points can be expanded on in the broad term of financial credit destruction that Avery has previously described and incorporating 16 previous points.

Banking law, business law and contract law are involved in the origination of these loans and maintenance of correct balances. To exactly illustrate, these five years of student loans were originated and papers signed at Equibank, located in the Oakland District, in the city of Pittsburgh, Pennsylvania. The bank also applied a fee for the origination of these loans – so there is again implied banking responsibility.

Plaintiff's five years of loans were clearly originated at a United States bank, which must follow United States banking laws and rules for professional conduct and ethical service. Therefore, Avery should have been able to expect accuracy in

7

the maintenance of these loans and certainly in the maintenance and recording of their correct balance.

The double standard illustrates that Avery was recklessly pursued by the defendants for these moneys and having incorrect balances. It is only common sense that if you are going to pursue him, by proceeding to **ruin his credit for 17 years** – then in a banking loan relationship, defendants have a duty to at least be accurate about the records and correct balance.

For example, exhibits show that defendants list Avery as making payments of $20,000 – which he never did. Another exhibit shows account listed at credit bureaus as "paid" - which it never was. Other exhibits show a balance created as owing $120,000 - which Avery also never owed.

These loans, originated at a U.S. bank, having account numbers and in the name of William Avery, are certainly entitled to accuracy in the loan transaction, maintenance phase and collection process.

This is again one of the 16 points that Avery previously illustrates as credit destruction - one of banking negligence and violation of banking law, contract law, and certainly laws regarding truth in lending. This was previously illustrated in Plaintiff's document to the Court dated May 7 and entitled "Supplement Information to Explain Lawsuit" ( see point II, page 4).

### IV. PLAINTIFF IS PAYING / BEING CHARGED INTEREST ON A LOAN.

8

     A business transaction/ relationship has occurred and involving the government as guarantor.

### V. FIVE YEARS OF STUDENT LOANS - CREATED 17 YEARS OF FINANCIAL DESTRUCTION DUE TO GOVERNMENT INACCURACIES

The evidence has clearly revealed that defendants have not maintained an accurate record of Avery's accounts. A professional relationship has been violated.

### VI. VIOLATIONS OF BANKING LAW, CONTRACT LAW AND CREDIT REPORTING GUIDELINES

It has been noted that defendants are still trying to lead the court down a path of Plaintiffs claim as "sounding in defamation for which the United States has immunity", even though Avery has listed sixteen actionable points as to the interpretation of the words "credit defamation". With that being noticed, Avery is changing the wording to violations of banking law, violations of contract law, and violations of credit reporting guidelines as committed by the defendants.

### VII. WITH THE SUBMISSION OF THIS DOCUMENT, PLAINTIFF AGAIN ASKS – WHAT IS HIS CORRECT STUDENT LOAN BALANCE?

It becomes noticeably apparent that in defendant's motion to dismiss, that **defendants do not provide a balance that is owed by the plaintiff as to the United States**. Plaintiff and this document shall now request such.

Furthermore the government has applied Avery with an account number based on its accounting records. In defendants motion, the United States inadvertently admits

9

that it does maintain accounting records and specifically as to Avery's student loans obtained in Pittsburgh, Pennsylvania from the years 1982-1987.

What balance is reflected on the account number(s) that the United States has assigned to Avery and can this account show factual documentation for the account listing(s) as having correct balances. This document further requests that defendants show the history of these balances that they have been passing off as accurate.

Clearly and in evidence, the United States has created an account and has an account number assigned to Avery – so there should be no problem as to records of proper banking, proper accounting and proper loan balance - being "accurately" kept as record. There should be no difficulty on the part of the defendants to produce a correct balance.

It is also noticed that there has been no mention of the Gramm-Bliley Act, therefore confirming that defendants did receive and review plaintiff's document filed with the Court, dated May 7 and entitled "Supplemental Information To Explain Lawsuit".

The FDIC exists for and is controlled by the United States government to monitor banking law, accounting procedures and account/ banking activities. Thus making sure that proper accounting, record keeping and accountability are maintained. To that end, the Justice Department also supports this pursuit of financial records and

10

can be cited in one single and recent case of ENRON fraud. The Justice Department has certainly applied responsibility for accounts, monies and record keeping to the now infamous Enron Corporation.

Defendants find themselves challenged as the same responsibility is now being applied to the United States as defendant.

### VIII. DEFENDANTS ARE AGAIN INCORRECT WITH STATEMENT "ABSENCE OF MALICE". CLEAR MALICE HAS BEEN DEMONSTRATED AND FOR YEARS

On page 3, paragraph 2 defendant's state, "no person can bring an action against a person furnishing information to a credit reporting agency except as to false information furnished with malice or willful intent to injure the consumer."

It is with a lot of nerve that defendants now try to pass themselves off as having conducted no malice towards plaintiff. What do you mean by no malice? Defendants filed and created insurance sanctions, credit problems against Avery and for several years. These numerous sanctions were no accident, were intentional and deliberately reported to insurance carriers as acts initiated by defendants.

Now, and proving plaintiff's point, I can now use defendants own words as provided in page 3 of their motion: "The later provision states that no person can bring an action against a person furnishing information to a credit reporting agency **EXCEPT as to false information furnished with malice or with willful intent to injure consumer**."

11

**– Negative credit and certainly incorrect loan amounts <u>CERTAINLY harmed the plaintiff, the plaintiff's credit status</u> and for years.**

Defendants also created and placed a silent lien now placed on Avery's home. They did not even bother to notify the plaintiff about this malicious action as well.

**This document now asks the defendants to provide this Court with any notification that defendants were placing a lien on plaintiff's home and family residence.**

Please also do not forget that defendants performed a garnishment on Avery's checking account in 2004, also intentionally leaving plaintiff with no money to pay bills, his office or his secretary.

<u>**These are clearly malicious acts and were intentional**</u>. Now in their Motion to Dismiss, defendants now try to become angelic and say there was no malice. Get real. Defendants created and initiated intentional acts that certainly did not occur randomly and did in fact harm the plaintiff.

**Like defendants tell other guilty parties whom it prosecutes - "YOU DID IT... take responsibility for it...we are placing responsibility on you..."**

In addition to doing all of this, defendants never once have provided Avery, the loanee, with the correct balance and bill.

12

**This document again asks the defendants and this court, to please provide the correct and exact balance owed – and not a "guesstimaton". Loan, business and banking laws do apply here.**

### IX. THE IRRESPONSIBLE USE OF CREDIT REPORTING DEVICES

This lawsuit if about the irresponsible use of credit reporting devices. <u>**If you can "report it" – you should have documentation that "supports it."**</u>  This is also a cornerstone of evidence , evidentiary and law review.

On page two of defendant's motion and subtitled "the Defamation Cause of Action", Defendants attempt to push plaintiff into a funnel of "immunity as a defamation claim" would easily bring about an immediate summary judgment, in defendants favor, and incorrectly so.   Plaintiff's lawsuit is about the incorrect use of credit reporting devices  and maintenance of incorrect balances of which incorrect fees and penalties were assessed and placed upon an innocent plaintiff

### X.  A NOTABLE POINT

It should be noted that **the evidence reveals:** Dr. Avery did not bring any nonsense to this game, which began in 1982, but he has certainly encountered a lot of it and for SEVERAL YEARS.

### XI.  "CLAIM FOR NEGLIGENT NONCOMPLIANCE"
### AN ISSUE OF PROPER WORDING IS BEING RESOLVED

13

The significance of the exhibit labeled attachment 1, and entitled "Credit Report Mistakes Are Actionable", is that it also contains the necessary wording that the plaintiff has been trying to obtain from lawyers for this lawsuit to proceed. In this lawsuit, wording is everything – as defendants again in their motion are again trying to position this suit as a defamation claim. The proper wording that was accepted by the court in the case of Philbin vs. Trans Union Corp. and TRW - the correct wording of **"claim for negligent noncompliance"** ( attachment 1- 3rd paragraph) was accepted and withstood argument.

Obviously, Philbin's claim had to withstand motions to dismiss and summary judgment. My problem here in Washington, D.C. was in finding an attorney who knew how to properly word this lawsuit. No attorney that I interviewed could do it, as suing the United States for ruining someone's credit, income and livelihood is vague and uncharted territory. These attorneys, saying that they had "reviewed my evidence" – missed the significance of this one sentence when they were trying to determine correct wording. Herein, and taken from an article , "Special to the National Law Journal", is the proper wording and being the phrase of "claim for negligent noncompliance".

Should I be forced to amend my wording and/ or to please the Court, I have now found the proper wording in the phrase "claim for negligent noncompliance." This statement certainly passed muster previously in court and is both arguable and winnable. I will let the court determine if my present language is satisfactory of it, I should reword my argument/ lawsuit.

14

## Conclusion

For the reasons set forth above and previously described, the plaintiff's motion to deny defendant's motion for judgment should be granted.

Respectfully Submitted to the Court,

*Dr. William Avery*

**Dr. William Avery**

Attachments:
1. article and case citation, "Credit Mistakes Are Actionable"

## CERTIFICATION OF SERVICE

I, William Avery, certify that on this __12__ day of June 2006, a copy of the foregoing Motion to Deny Defendants Request for Judgment was served on defendant by first – class mail, postage prepaid, to the following address:

Fred Haynes
Assistant United States Attorney
555 4th Street, N.W.
  Room E-4110
Washington, D.C. 20530
(202) 514-7201

Sincerely,

*Dr. William Avery*

Dr. William Avery

15

NAME *Attachment 1*
DATE

# Credit Report Mistakes Are Actionable

Prima facie showing of negligence can lead to trial.

**JOSEPH A. SLOBODZIAN**
SPECIAL TO THE NATIONAL LAW JOURNAL

CREDIT REPORTING SERVICES may wind up in court more frequently for inaccuracies in their consumer credit reports in the wake of a ruling by the 3d U.S. Circuit Court of Appeals. In its unanimous Dec. 6 opinion, the court held that in order to maintain a claim of negligent noncompliance with the federal Fair Credit Reporting Act, or FCRA, consumers must prove only that such errors were a "substantial factor" in a decision to deny credit. *James R. Philbin Jr. v. Trans Union Corp. and TRW Credentials*, 96-5030.

According to the court, Trans Union Corp. erroneously reported that James Philbin Jr. was subject to a $9,500 tax lien, apparently confusing him with his father, James R. Philbin Sr. Mr. Philbin contended that because of this inaccuracy, several of his credit applications were rejected.

While the court affirmed summary judgment in favor of the defendants on the plaintiff's claims of willful noncompliance with FCRA, it remanded for trial Mr. Philbin's claim for negligent noncompliance.

The evidence Mr. Philbin produced was apparently minimal. Nonetheless, the 3d Circuit found "that even on this sparse record, a reasonable trier of fact could infer that the inaccurate entries were a substantial factor in bringing about Philbin's injuries." The court thus held that the plaintiff provided sufficient evidence to establish a prima facie case.

Last year, the 9th Circuit held, in *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329 (1995), that credit report errors alone are sufficient to justify an award of damages.

Mark E. Kogan, of Philadelphia's Marion, Satzberg, Trichon & Kogan, who argued the case for Trans Union, was pleased with the 3d Circuit's ruling because punitive damages may be awarded when willful noncompliance is found.

"The name of the game is punitive damages," said Mr. Kogan, who contended Mr. Philbin's only claimed injury that can be linked to the inaccurate information was the rejection of one request for a store credit card.

Mr. Philbin's attorney, Daniel J. de Luca, a sole practitioner in Audubon, N.J., hailed the ruling, saying, "It's important that case gets before a jury, all of whom are consumers."



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dr. William Avery,           )
                             )
         Plaintiff,          )
                             )
Vs.                          )    Civil Action No: 05-01108 GK
                             )
United States of America,    )    The Honorable Gladys Kessler
                             )
         Defendant.          )

## Order

Upon consideration of the plaintiff's Motion To Deny Defendants Motion for Judgment and the evidence and record presented by plaintiff, it is hereby

ORDERED that the plaintiff's motion to deny defendant's motion for judgment is GRANTED.

ORDERED, that this case is not dismissed per request of defendant and plaintiff shall proceed forward.

_____                    _____
Date                                        Judge Gladys Kessler
                                            U.S. District Court Judge

16