UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. WILLIAM AVERY,        )
                          )   July 3, 2006
            Plaintiff,    )
                          )
Vs.                       )   Civil Action No: 05-01108 GK
                          )   The Honorable Judge Gladys Kessler
UNITED STATES OF AMERICA, )
                          )
            Defendant.    )

**REPLY MEMORANDUM IN SUPPORT OF DEMAND FOR JURY TRIAL AND CONTINUED MOTION TO DENY DISMISSAL**

In their latest response to the Court, defendants still have not answered the simple question as to what is Plaintiff's correct balance. This violation alone is certainly not "defamation" as defendants would like to portray. This inability to provide correct account balance reveals a lack of correct business, loan and proper accounting procedures – for which defendants clearly have not practiced in this specific case. Defendants are guilty of serious accounting problems and to this point, issues have been uncovered for which the plaintiff has been severely victimized and harmed economically and emotionally for several years. Performa was breached, correct expectations were breached. The observation that plaintiff is/was clearly entitled to proper handling and professional conduct, but **did not receive such** – is what brought about this lawsuit.

As of yet, defendants two responses filed with the Court – still do not provide the plaintiff with the correct balance nor any balance for that matter. Are we to believe that should this case be dismissed or denied a trial – that defendant's incorrect balance –

RECEIVED
JUL - 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

will be deemed proper procedure and proper conduct by this Court? Is the plaintiff still to be charged a continued and incorrect balance? Defendants have been requested now two times prior via court documents to please provide the correct balance of Dr. Avery's student loans– and have never done so.

In attachment 3, there has certainly been activity as yet a new balance arrived at Dr. Avery's office and sent from the Federal Student Loan Notification, on June 23, 2006. See attachment 3. Yet another and different balance provides additional evidence and support for plaintiff's suit to proceed. This document now states that plaintiff's current balance is $80,474.  The fine print in the document – ironically says that they found Dr. Avery as eligible through prescreening his credit report. One of the very things that defendants actually ruined – Avery's credit report.

### I.   THIS IS NOT A DEFAMATION CLAIM

Defendants are still trying to lead the Court down a path of "sounding in defamation" again cited on page one of their motion for judgment, and even after being told numerous times that this case has different posture and numerous claims unrelated to simple defamation of which plaintiffs certainly has causes of action as well as accrued damages – that expand away from and do not include the word "defamation". While defendants claim that plaintiff provides "a lengthy response to the motion for judgment", and written on page 2, second paragraph, the defendants still do not provide any statement as to correct balance in their "short" and two page request for dismissal. To write Avery's balance and provide it to this Court, would take less than one "short" sentence.

2

This is not a defamation claim. Plaintiff's complaint, is an **ACCOUNTING CLAIM,** for which the lack of proper accounting procedures and balances, has caused all of the problems that led to the United States taking several inappropriate and incorrect actions. These accounting errors led to plaintiff filing suit.

### II. CASE WAS PREVIOUSLY VOLUNTARILY DISMISSED

Does the Court realize that this case was voluntarily dismissed by defendants, Pennsylvania Higher Education Assistance Agency (PHEAA) in 1994? The United States, the Department of Education being totally unprepared, unknowing and uncaring as to facts for voluntary dismissal, then brought the case back in 1998 and continued to do foolish, false, and incorrect actions of which plaintiff has suffered damages.

Last week, June 22, 2006, Dr. Avery received notification that he has been **banned** from being an "in network provider" for yet another dental insurance carrier. Avery has been a provider for this carrier for over 10 years. See attachment 2 as being sent from an insurance carrier named United Healthcare.

### III. DEFENDANTS DO NOT DENY THAT THEY DID INCORRECT ACTS, HARMFUL ACTS AND INTENTIONAL ACTS

Plaintiff has clearly proved with evidence that defendants committed numerous violations of bank, business and improper record keeping. Defendants have not denied plaintiffs evidence or charges as the evidence clearly indicts the defendants. Defendants in both responses to the Court have not denied the evidence against them nor provided

3

any evidence that is inconsistent with the plaintiff's documentation. The defendants, did these acts and are certainly guilty of them and responsible for them.

On page 2, 2nd paragraph of defendant's motion, they describe plaintiffs previous Motion to Deny Dismissal as "lengthy", however it should also be noted that in defendants "short" and 2 page Motion for Judgment, dated June 19, that defendants still do not list or provide Dr. Avery's loan balance.

Perhaps defendant has forgotten that they are being challenged regarding the lack of proper record keeping nor correct student loan balance of which the defendants have harassed, demeaned, destroyed and certainly pursed the plaintiff in an effort to ruin the plaintiff and bring much duress into plaintiff's life. Defendants were certainly performing and accomplishing their intended and "intentional" purpose, as incorrect acts were certainly being performed upon the plaintiff.

### IV (a). DEFENDANTS WORDS ARE USED AGAINST THEM.

With no correct balance being supplied to this Court by the defendants, on page 1, last sentence of their final argument dated June 19, defendant's write;

> "Liability under the Federal Tort Claims Act is dependent on a finding that a private person in the relevant jurisdiction would have been so liable."

Case of Avery vs. Hennepin County and the State of Minnesota, Civil Case No: 002171 RHK/SRN, the government was found to be responsible for its actions to include the irresponsible reporting of derogatory and incorrect credit information which was then

4

distributed to the public and private sector via credit bureaus and Avery's credit report. Plaintiff received a settlement and written apology from the government of Minnesota in 2002.

Now see attachment 1. It is a statement and testimony of a professional consultant, named Mr. K. David Hirschey's expert opinion letter in regards to the case of Avery vs. State of Minnesota. The document only serves to illustrate the dangers of the irresponsible use of credit reporting devices as causing/ creating "diminishment in earning capacity" as well as "negatively impacting his personal financial status" (attachment 1,bottom of page 2).

### IV (b).    DEFENDANTS WORDS ARE AGAIN USED AGAINST THEM AND NOW INCLUDING   PRIVACY ACT, 5 U.S.C. 552a. INTENTIONAL ACT.

Located on page 2, second paragraph of defendant's June 19th document, Defendants state:

> "under the Privacy Act, 5 U.S.C. 552a, a cause of action not relied upon by the plaintiff.   However , a recovery under the **Privacy Act requires a showing of intentional or willful conduct".**

The court has noticed in evidence that this case was previously and voluntarily dismissed in 1994. Thus it was certainly an "intentional" act of the defendants, to bring this case back as reinstated in 1998 which the defendants then  began harassing Dr. Avery and placing  undeserved sanctions on Dr. Avery.    The United States certainly "Leaped before it Looked" and did not care about any consequences, damages to plaintiff nor bother to learn as to why the case had been previously dismissed in 1994.   Any acts after the Voluntary Dismissal as performed by the defendants which **concluded** this

5

matter now before this court but **in the year 1994** – were and became certainly **"intentional"** - to use the defendants words – and of which the actions and damages are now current and of the present year 2006.

### IV(c). DEFENDANTS STILL TRYING TO POSTURE INCORRECTLY

In Paragraph 2, page 2, defendants now state "(plaintiff) does not come to grips with the legal arguments made by defendant. To the extent that individuals claim to have been damaged by the negligent reporting by the government of credit information."

Here we have an admission to negligent credit reporting, but more importantly we again have the defendants desperately trying to hold onto an attempt to posture this case as sounding in defamation – even though they have been told to the contrary numerous times, of additional charges which are actionable, have been proven and provided.

This case is about accounting procedures that were not in effect nor maintained regarding Avery. The government said and reaffirmed Avery, the plaintiff, as owing large sums of money that he did not owe. They then prosecuted him to that extent and against his will in 1998. Period. Account, records and balance procedures were not followed adequately or accurately. If not readily understandable in this case, we can again see the repercussions created by credit reporting devices in attachment 1, Avery vs. State of Minnesota. See attachment 1, page two, at bottom of page.

6

## V. DEFENDANTS PROVIDE NO CREDIBLE EXPLANATION

It is noted that defendants can not and do not provide credible explanation neither to the Court, nor the plaintiff as to why do you awaken a case that was voluntarily dismissed and brought to a conclusion in 1994. EXPLAINING FOR MALICE, that deliberate and "intentional" act backfired against defendants in the 1998 reinstatement and summary judgment and has again backfired in 2006 – as creating much "intentional" and current damage upon the plaintiff.

## VI. VIOLATIONS OF PRIVACY ACT ARE NOW DISCOVERED AND ASSERTED

On page 2, second paragraph, defendants state that "remedy is not under tort law or the FCRA; it is, rather, under the Privacy Act, 5 U.S.C. 552a, a cause of action not relied upon by the plaintiff."  Thank you for the information. It was only not relied upon because plaintiff did not know about this law until now. Clearly evidence does show that it can be relied upon now because the conduct towards Avery and occurring **AFTER** voluntary dismissal in 1994 was clearly "intentional" and "willful conduct." These were the words stated by the defendant. Are they not?

The Privacy Act 5 U.S.C. 552a, will now be included as yet another cause of action and against the defendants.

As defendants recklessly and callously leaped before they looked, when they reinstated the case in 1998, they now want to cite immunity when faced with all of their mistakes, as they certainly cannot and do not deny the evidence presented against them.

7

Defendants started this fight, THEN WANT THE PLAINTIFF TO NOW BACK DOWN – and ignore intentional, certainly wrong and outrageous conduct on the part of defendant which was voluntarily "willful" commission by defendants. Plaintiff's bills, debts and damages certainly haven't gone away for now 17 years. His education was stopped as he cannot obtain specialty training nor advance in his profession at age 47.

### VII. DEFENDANTS HAVE NOT INFORMED THIS COURT AS TO HOW CREDIT DISPUTES ARE PERFORMED.

Defendants shoot themselves in the foot again with their statement that under Privacy Act 5 U.S.C. 552a <u>requires a willful showing of intentional or willful conduct</u>."

When there is a credit dispute on information filed with the credit bureau, the credit bureau then contacts the defendant, as in the case of Avery. It must be noted that upon investigation performed by credit bureaus, that defendant stated said information was accurate and or "correct". "Accurate" and "correct" makes validation a "willful conduct" committed by defendants. These INCORRECT words and financial figures did not appear by themselves and the credit bureau only wrote what defendants had declared as "correct". That is willful conduct. A proper investigation, if cared about or even concerned about as performed by the defendants, would have resulted in defendants reviewing Avery's account and checking the figures. Obviously and as in previously submitted evidence, this was not done.

### VIII a. DEFENDANTS KEEP TRYING TO POSTURE PLAINTIFFS CASE IN A POSITION that they will then FORCE THE COURT TO DISMISS.

8

Plaintiff does not appreciate in any manner, that defendants are trying to tie his hands an in a manner so as to walk him off the pier by keeping the plaintiff to a "defamation claim". That is not the purpose of this Court, certainly does not get at the truth and is not an exercise in concern for justice.

Plaintiff is not just telling a story about what the government wrongfully did to him. I doubt that it even cares. What I am doing is fitting the damage that was done to me, to fit these damages into existing laws that were designed to protect me from the things that occurred here and for 17 years. Telling what they did to me will not in itself bring an award of damages or corrections as to injuries.

Should plaintiff be able to obtain a level of compensation, the government will stop doing or at least think about what it has been doing to innocent people – when it does not keep current files or records – of which it pursues innocent people with summary judgments, harassment and garnishment that were not deserved nor warranted. If plaintiff can get the law to do that, then something positive will have been accomplished here, through a struggle, and for the protection of others, and will not have been wasted in vain.

### VIII b.   CREDIT BUREAU IS NOT RESPONSIBLE

Please do not let this Court believe for a moment, that our three national credit bureaus are at fault. They are not. If you contact them or try to bring them to court they will tell you in paraphrase as they have told me:

"We, the credit bureau(s) are an impartial recorder of bills, status, loans and debts that we pass on to interested parties at request of a business or individual. We have nothing against Mr. Avery and only know him as a social security number. If a dispute as to correct debt develops and a customer creates an investigation with our credit bureau, it becomes our duty to confirm the debt and the balance... When we contact the creditor who listed the debt / balance, if the balance is correct or the company gives us more current information and we will change it and relay the current figure as listed by the creditor. If Mr. Avery has a problem with the debt being given to the credit bureau incorrectly – then he needs to take his problem to the source, as we only report what we are told and/or confirmed. We are completely impartial. In this case, Mr. Avery should take his problem back to the United States. We, the credit bureaus are not liable in any manner and especially as we ONLY report the information as provided to us.

### VIII c.  PLANNED THAT WAY, A USELESS CIRCLE OF RESULTS

Dr Avery has taken his problem up with the UNITED STATES and as he should. Dr. Avery is now being served with paperwork that the government is trying to assert immunity for every act that it has done to Avery, the plaintiff.

Other words, it is becoming a useless circle of events - if the plaintiff was unable to place **actionable** damages into **currently existing laws** that can bring correction and acknowledgment of wrong doing on the part of defendants. The government will not care until plaintiff can **find laws that make defendants have to care. Defendants don't deny anything as plaintiff's evidence is supported.** However, holding plaintiff's hand and attempting to guide him into government immunity is their way out. That's not going to happen.

### X. PLAINTIFF HAS FOUND A WAY INTO COURT

1. With the introduction into evidence of the Philbin case, won in New Jersey in 1996, Plaintiff also learned one venue of correct wording and as correct cause of action by using the words "**NEGLIGENT NONCOMPLIANCE**", a ruling by the 3rd U.S.

Circuit Court of Appeals. In its unanimous opinion, the court held that in order to maintain a claim of negligent noncompliance with the federal Fair Credit Reporting Act, or FCRA, consumers must prove ONLY that such errors were a "substantial factor" in a decision to deny credit. Case: James R. Philbin Jr. vs. TransUnion Corp. and TRW Credentials, 96-5030. The Court remanded for trial Mr. Philbin's claim for negligent noncompliance.

2. Defendants have provided the plaintiff with a second correct wording as violation of the Privacy Act, 5 U.S.C. 552a as the actions of the United States conducted after the voluntary dismissal of this case in 1994 – does show "intentional or willful conduct". These were defendant's words as they introduced the Privacy Act in their latest document filed with the Court.

Both actions indict the defendants with not following uniform procedures and guidelines for maintaining Avery's correct balance and the numerous problems and damages that resulted from not following established accounting guidelines.

Plaintiff also presented one document being fabricated by a government agency regarding these student loan balance(s) and requesting the plaintiff's signature on same fraudulent document. That document is also an evidentiary right to trial.

### IX. DR. AVERY'S NEW STUDENT LOAN BALANCE OF JUNE 2006

Now see attachment 3, new loan balance that arrived last week and stating $80,474. The inconsistencies are clearly continuing and are of the present.

## X.    ACTIONABLE CHARGES BEING ASSERTED

Because defendants keep trying to limit the charges as only to "sounding in defamation", even when told and demonstrated otherwise, plaintiff again restates the violations and charges of : 1. Banking violations and account violations having performed incorrect accounting procedures and faulty/falsified records (2) irresponsible use of credit reporting devices (3) Violation of Privacy Act, 5 U.S.C. 552a, (4) Negligent Noncompliance (5) overcharging on a student loan (6) inflating the debt of a student loan (7) Not having nor providing accurate record of students even though required to do so for accurate accounting procedures (negligent noncompliance) (8) providing inaccurate records to third parties and credit bureaus (negligent noncompliance) (9) ignoring the customer when trying and for years to correct the incorrect balance (violation of Privacy Act and negligent non compliance) 10. Reporting the incorrect debt to credit bureaus and for several years (11) submitting and falsifying a student loan document (12) obstruction of justice by blocking and obtaining a summary judgment to block/stop disclosure of vital information by the injured party (violation of Privacy Act) (13) harassing to collect an inflated and wrong sum of money (14) placing insurance sanctions and garnishment on a professional individual having an unblemished professional and personal record (violation of Privacy Act) (15) attempting to stop the income of and to block dental patients needing dental services provided by a dentist office located in an underrepresented area having few providers of health care (16) intentional infliction of emotional and financial distress (violation of Privacy Act)

12

(17) Intentionally reinstating a case that has been previously and voluntarily dismissed in 1994 (violation of Privacy Act) (18) injuries not properly yet described or uncovered by attorney (19) prosecuting an innocent individual and rush to obtain summary judgment Without adequate records and even after having the opportunity to obtain said correct records from the plaintiff ( violation of Privacy Act and negligent noncompliance) (20) abuse of summary judgment (21) intentional and undeserved professional and financial/ credit sanctions (22) intentional malice (violation of Privacy Act) (23) fraud.

With all of these charges for damages that are factual and did occur and that defendants don't deny, do you mean to tell the plaintiff that defendants have immunity for every one of them? Plaintiff highly doubts this and is using avenues that can bring accountability from the defendants.

## IN CONCLUSION

For the foregoing reasons, this case should not be dismissed and a jury be allowed to review the findings and facts in an unusual case that is laced with numerous inconsistencies, malice, voluntarily dismissal in 1994 and secrecy and at least one forged document of incorrect loan balance created by the government.

What is Plaintiffs correct student loan balance? We have been asking such since the beginning of this suit and especially since sanctions were created and placed upon the plaintiff to collect a mysterious balance. If this case is dismissed, would anyone in this Court want this done to them? Would even the defendants want this done to them? If this case is dismissed, the harassment and the wrong balance will continue and will be found to be legal and supported by case law. The use of these dangerous credit reporting devices, with wrong balances and harassment by sanctions will now have legal case

13

citation for indifference and doing these incorrect and wrongful acts to other innocent individuals. If we don't know the correct balance, "lets just make one up… we can hide in immunity."

If dismissed, the maintenance of incorrect balances, wrongful prosecution to collect wrong balances, outrageous and undocumented balances placed on credit reports and prosecution for said outrageous balance – will be held as permissible by the United States, and any creditor who does not know nor provide a correct balance can perform the outrageous acts that the Plaintiff has experienced and for many years as caused by the defendant. Would anyone in this Court want the same actions done to them?

This case received a voluntary dismissal in 1994 that the defendants, the United States chose to ignore in 1998. Will this Courts decision be ignored as well if the defendants don't like the Judge's decision? The government of Minnesota was sued successfully as well in the case of Avery vs. the State of Minnesota, because defendants did not like the Court Order that Avery had previously received from Washington D.C. – and then Minnesota made the "intentional" decision to ignore the Court Oder and Praecipe written from Washington, D.C. Superior Court since they didn't like it. I had exposed a fraud and a scam and the Minnesota government had not detected it. Washington, D.C. dismissed the entire case that had been sent to them from Minnesota. Minnesota did not like it. No one believed that Plaintiff would be willing to stand up to the power of the government and their attorneys – if they ruined his credit to make him obey. Plaintiff stood up.

But as I told you earlier – no one likes being deceived into debt. I stood up and **prevailed with the evidence of wrongdoing**. Like defendants in this case, Minnesota government also tried to cover up the reason for dismissal and again similar to the voluntary dismissal that Plaintiff received regarding the student loans in 1994.

The point that I am making here, is someone at the Department of Education or in a position of authority, also read the court order and Voluntary Dismissal of these student loans in 1994 – **and didn't like it.** They knew nothing about the case, however defendants reinstated the case in 1998, then falsified a loan document and balances to "get me" and I ended up fighting the United States as if, "he won in Pennsylvania, we will kill him in Federal Court and have IMMUNITY if he catches us". Reinstatement was "intentional".

No, you will not destroy me and there will not be immunity for the charges I have uncovered and am asserting. You may get away on some charges, but not all of them.

Again, no one likes being deceived into debt. **Then in debt, the United States can't even maintain nor provide an accurate balance of the debt – thus keeping me shackled in debt for now 17 years.** Would even the defendants want this done to them?

Plaintiff has never ignored any Court Order and as a citizen, he is in fact obligated to follow them. Defendants seem to think that they don't have to, and reinstated this case in 1998. For these reasons stated herein, this case should not be

15

dismissed and a jury allowed reviewing the actions and evidence of this case. Significant disputed material facts preclude summary judgment.

## XI. INTRODUCTION OF <u>LEGAL ARGUMENT AS WRITTEN BY ATTORNEY</u>
### appears in attachment 5

Now that I have provided the Court with all that I am capable of doing, I need now provide the Court with a winning argument that proved that the government of Minnesota was in fact a CRA (credit reporting agency) and furnisher of information, and could be held responsible for its actions and negligence. I have saved this point for last because **<u>it is the focal point and needed legal review</u>** that defendants try to say I don't have.

Unable to locate a local attorney who knew how to write this argument or even having knowledge about this issue, I had to go back to Minnesota and obtain a copy of the argument and points included from my attorney, John Waldron. The argument constitutes many of the same facts as well as defense maneuvers being introduced in this present case.

I am including this argument as exactly written by the attorney, as the legal standard does apply to this case involving Avery vs. the United States as well. You are looking at approximately a $15,000 argument that I had to pay for in research, presentation and am thus using it again. You won't find this knowledge in an average attorney's office. I could not find anyone who knew this information and locally.

Education has a price. At the next hearing in front of Judge Kessler, I will have an attorney present and even if I have to teach them the standard.

Respectfully Submitted to the Court,

*Dr. William Avery*

Dr. William Avery


Cc. attachment 1: Avery vs. State of Minnesota
      Professional consult of David Hershey

   attachment 2: Mamsi Dental Insurance
      Dr. Avery now banned as network provider

   attachment 3: New Student loan balance dated **6/23/06 for $80,474**
      <u>COMPARE</u> with balance **6/5/2006 for $102,335.86**

   attachment 4: Self-explanatory/ Stacy Shaw/ Pittsburgh Dental

   attachment 5: Attorney John Waldron, legal argument for negligence and violations      of Fair Credit Reporting Act


## CERTIFICATION OF SERVICE

I hereby certify that on this 3 of July, 2006, a copy of the foregoing reply entitled Memorandum in Support of Jury Trial and Continued Motion to Deny Dismissal was served on defendant by first class mail, postage prepaid, to the following address:

   Fred E. Haynes
   Assistant United States Attorney
   555 4th Street, N.W.
     Room E-4110
   Washington, D.C. 20530
   (202) 514-7201