UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. WILLIAM AVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1108 (GK) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Dr. William Avery brings this action against the United States of America alleging common law claims of defamation and negligence for allegedly reporting inaccurate information regarding his student loan repayment history to various credit reporting agencies. This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [**Dkt. No. 8**] pursuant to Fed. R. Civ. P. 12(c). Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons stated below, Defendant's Motion for Judgment on the Pleadings is **granted**.

I.  BACKGROUND

Plaintiff initially filed this suit in the United States Court of Federal Claims on October 6, 2004. The Complaint states common law causes of action for defamation and negligence and alleges that the Department of Health and Human Services and Department of Education had falsely reported certain information concerning

Plaintiff's federal student loans to various credit reporting agencies. Plaintiff claims $122 million in compensatory and punitive damages for the resulting damage to his credit.

The United States moved to dismiss the Complaint for lack of subject matter jurisdiction in the Court of Federal Claims. On May 6, 2005, the Court of Federal Claims denied the Government's motion as moot and transferred the case to this Court pursuant to 28 U.S.C. § 1631. The United States then filed this Motion for Judgment on the Pleadings.

## II. STANDARD OF REVIEW

The standard of review for evaluating a motion for judgment on the pleadings is essentially the same as that for a motion to dismiss. Jung v. Ass'n of Am. Med. Colls., 339 F. Supp. 2d 26, 35-36 (D.D.C. 2004). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

## III. ANALYSIS

### A. Plaintiff's Defamation Claim Is Barred by Sovereign Immunity

"The United States is immune from suit absent an express waiver of its sovereign immunity." Kugel v. United States, 947 F.2d 1504, 1506 (D.C. Cir. 1991). One such express waiver is the Federal Tort Claims Act, which waives sovereign immunity for certain torts "caused by the negligent or wrongful act or omission

2

of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, this waiver does not extend to certain types of intentional torts, including defamation. Kugel, 947 F.2d at 1506; Gardner v. United States, 213 F.3d 735, 737 n.1 (2000); 28 U.S.C. § 2680(h). For this reason, the United States enjoys sovereign immunity as to Plaintiff's defamation claim, which must be **dismissed**.

### B. Plaintiff's Negligence Claim Is Preempted by the Fair Credit Reporting Act

The Federal Tort Claims Act provides that the United States shall be liable for claims of negligence "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Thus, the Court must determine if Plaintiff would have a viable claim for negligence against an individual under similar circumstances.

The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., extensively regulates the reporting of credit information to and by credit reporting agencies. The Act has two preemption provisions, a general provision, 15 U.S.C. § 1681t(b)(1)(F), and a more specific provision, 15 U.S.C. § 1681h(e). The United States relies on the more specific provision, arguing that it precludes an individual from bringing a claim for negligence against "any person who furnishes information to a consumer reporting agency...except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Thus, to avoid

preemption on his negligence claim, Plaintiff must plead that the United States acted willfully or maliciously. <u>Wiggins v. Philip Morris, Inc.</u>, 853 F. Supp. 458, 466 n.13 (D.D.C. 1994); <u>see also Young v. Equifax Credit Info. Servs., Inc.</u>, 294 F.3d 631, 638 (5th Cir. 2002); <u>Bloom v. I.C. Sys., Inc.</u>, 972 F.2d 1067, 1069 (9th Cir. 1992); <u>Rhodes v. Ford Motor Credit Co.</u>, 951 F.2d 905, 906 (8th Cir. 1991).

The Complaint alleges that the Department of Education and the Department of Health and Human Services breached their duty to Plaintiff by providing erroneous information regarding his student loan account to credit reporting agencies. Compl. ¶ 7. However, the Complaint does not allege that these agencies acted with malice or willful intent. This is fatal to Plaintiff's negligence claim, because such a claim against a private individual would be preempted by the Fair Credit Reporting Act. Accordingly, the claim falls outside of the waiver of sovereign immunity provided by the Federal Tort Claims Act, 28 U.S.C. § 2674. The United States therefore also enjoys sovereign immunity as to Plaintiff's negligence claim, which is **dismissed**.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings [**Dkt. No. 8**] is **granted**. Plaintiff's

case is **dismissed with prejudice.**  An Order shall accompany this Memorandum Opinion.

February 7, 2008                    /s/
                                    Gladys Kessler
                                    United States District Judge

**Copies to: Attorneys of record via ECF**